UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| WILLIAM J. VARELLAS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2:14-cv-00322-LJM-WGH |
| | ) | |
| UNITED STATES PAROLE COMMISSION, | ) | |
| | ) | |
| Defendant. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The plaintiff in this action is William Varellas, a federal inmate. The defendant is the United States Parole Commission ("USPC"). The USPC seeks dismissal of the complaint for failure to state a claim upon which relief can be granted. Varellas, in contrast, seeks resolution of his claim through the entry of summary judgment. Regardless of these different procedural mechanisms, the question presented is a pure question of law and will be addressed based solely on the complaint. *Dibble v. Quinn*, No. 14-2746, 2015 WL 4393536, at *2 (7th Cir. July 20, 2015).

The action is brought pursuant to the Administrative Procedures Act ("APA"), 5 U.S.C. § 702 *et seq*. The APA entitles "a person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action . . . to judicial review thereof." 5 U.S.C. § 702. Additionally, Section 706 of the APA allows a district court to "compel agency action unlawfully withheld or unreasonably delayed." *Id.* at § 706(1); *see Valona v. U.S. Parole Comm'n,* 165 F.3d 508, 510 (7th Cir. 1998) ("APA . . . authorizes district courts to 'compel agency action unlawfully withheld or unreasonably delayed' without the need of a separate action seeking mandamus.") (citation omitted).

The present action is an uninspired sequel to *Varellas v. U.S. Parole Comm'n*, No. 2:12-CV-14-WTL-WGH, 2013 WL 550262 (S.D.Ind. Feb. 12, 2013) *aff'd,* 547 F. App'x 796 (7th Cir. 2013) *cert. denied,* 135 S. Ct. 123 (2014).

Varellas was convicted in 1986 of: conspiracy to kidnap, 18 U.S.C. § 1201(a),(c); interstate travel in aid of racketeering, *id.* § 1952(a)(2); and interstate transportation of firearms with intent to commit a felony, *id.* § 924(b). *United States v. Hagen,* 869 F.2d 277, 278 (6th Cir. 1989). He was sentenced to 150 years' imprisonment for the conspiracy to kidnap and to shorter terms of imprisonment for the other charges. *Id.* Varellas is eligible for parole because he committed his crimes before November 1, 1987, the effective date of the Sentencing Reform Act of 1984. *See* Sentencing Reform Act of 1984, Pub.L. No. 98–473, § 235(a)(1), 1984 U.S.C.C.A.N. (98 Stat.) 2031, *amended by* Sentencing Reform Amendments Act of 1985, Pub.L. No. 99–217, § 4, 1985 U.S.C.C.A.N. (99 Stat.) 1728, *reprinted in* 18 U.S.C. § 3551 note (Effective and Applicability Provisions); *Hagen,* 869 F.2d at 278.

Varellas claims that the USPC has violated the APA by failing to establish a release date for him prior to the expiration of § 235(b)(3).

"When Congress abolished parole as part of the Sentencing Reform Act, it also planned for the eventual sunset of the Parole Commission, which initially was to occur five years after the effective date of the new sentencing law." *Reliford v. Veach,* 258 F. App'x 898, 900 (7th Cir. 2007). However, the USPC argues correctly that the Seventh Circuit and other federal courts have held that the Commission was not required to set release dates until just before its scheduled abolition. *See Varellas*, 547 Fed. Appx. 796; *Romano v. Luther*, 816 F.2d 832, 840 (7th Cir. 1987); *Hackett v. United States Parole Commission*, 851 F. 2d 127, 134 (6th Cir. 1987) (holding that the Commission's interpretation of § 235(b)(3) that it was not required to make final parole release

decisions until shortly before the expiration of the transition period was consistent with the purpose of the Act); *Bledsoe v. United States*, 384 F.3d 1232, 1236 (10th Cir. 2004); *Evenstad v. United States*, 978 F.2d 1154, 1158 (9th Cir. 1991); *Coleman v. Honsted,* 908 F.2d 906, 908 (11th Cir. 1990).

Varellas replies that the extensions of the USPC lacks the complete continuity which the USPC advocates. Specifically, he argues that § 235(b)(3) expired on November 1, 2002, and that this triggered the duty to set a date for his release. Once again, Section 235(b)(3) requires that the USPC to set a parole date for prisoners who will be in its jurisdiction the day before the Commission's scheduled closure. Varellas also points out that he has requested a parole hearing—a facet of the present action which differs from the situation presented in *Varellas v. U.S. Parole Comm'n*, No. 2:12-CV-14-WTL-WGH, 2013 WL 550262 (S.D.Ind. Feb. 12, 2013).

The setting for this type of claim was recently reviewed by another district court in this Circuit:

> In *Plummer v. Marberry,* 411 F. App'x 893 (7th Cir. 2011), the Seventh Circuit explained that, "until the Commission approaches the final three months of its life, it is not required to set *any* release date for" a prisoner under § 235(b). *Id.* at 895 (citing *Furnari v. U.S. Parole Comm'n,* 531 F.3d 241, 248–49 (3d Cir. 2008) and *Bledsoe v. United States,* 384 F.3d 1232, 1236–37 (10th Cir. 2004)). Instead, § 235(b)(3) is simply a "winding-up" provision that ensures the Parole Commission will "set release dates before" the Parole Commission's eventual (but repeatedly delayed) dissolution renders that "impossible." *Del Raine v. Daniels,* 462 F. App'x 793, 796 (10th Cir. 2012) (citing *Bledsoe,* 384 F.3d at 1233–34). As noted earlier, Congress recently extended the Parole Commission's life through October 31, 2018. Thus, the Parole Commission is not yet required to set a final release date for the petitioner (or any other individual subject to the parole laws).

*Storm v. U.S. Parole Comm'n*, No. 14-CV-405-PP, 2015 WL 3936839, at *5 (E.D.Wis. June 26, 2015).

Varellas relies on the *Del Raine* decision of the Tenth Circuit to support his claim. The language of that decision includes the following:

> In one instance the term lapsed for a day, on November 1, 2002, before the extension was signed into law. *See* Pub.L. No. 107–273, § 11017(a), 116 Stat. 1824 (2002). Petitioner insists that this one-day lapse triggered the Commission's duty to set his release date and that its failure to do so entitles him to immediate release or a date set now for his release on parole.
>
> The district court rejected this claim for two reasons. First, it noted that § 235(b)(3) was a "'winding-up'" provision, intended simply to ensure that the Commission set release dates before its ultimate expiration made that impossible. *See Bledsoe,* 384 F.3d at 1233–34 (quoting *Lewis v. Martin,* 880 F.2d 288, 290 (10th Cir. 1989)). That statutory purpose was not triggered by the Commission's one-day lapse in November 2002, because the Commission could thereafter set release dates. Second, the district court noted that the Commission had determined just 10 months before, at Petitioner's January 2002 hearing, that he should serve his full sentence (a determination that still stands after his most recent hearing in October 2010), leaving him with no reasonable expectation of a date for release on parole in any event. We agree with this analysis. Despite what may have been a technical violation of the statute, Petitioner suffered no cognizable harm and is not entitled to the remedy he seeks.

*Del Raine v. Daniels*, 462 F. App'x 793, 796 (10th Cir. 2012).

The second of these factors is different for Varellas, of course, because he has not been given a parole date. But the difference is superficial. Varellas is actually in the same position as the petitioner in *Del Raine* because as of November 1, 2002 Varellas had not requested a parole date. He was therefore not a person to whom the USPC owed a duty on November 1, 2002 to set a parole date. *See United States v. Feist*, 585 F. Supp. 2d 1107, 1111-12 (D.N.D. 2008) *aff'd,* 346 F. App'x 127 (8th Cir. 2009); *Feist v. Schultz,* No. 1:03CV6868OWWSMS HC, 2006 WL 657003, at *4-5 (E.D.Cal. Mar. 13, 2006) *report and recommendation adopted,* No. 102CV6868 OWW SMS HC, 2006 WL 1222480 (E.D.Cal. May 3, 2006).

The 1-day lapse did not violate Varellas' rights under the APA.

Varellas has also argued that the USPC violated the APA by failing to set a parole release date for him. However, as illustrated by *Storm* and many similar decisions, there is no obligation at this point to set a parole date for any prisoner, including Varellas. "Varellas will have a statutory

right to have his release date set *only if he is still in prison the day before the Commission actually closes permanently.*" *Varellas v. U.S. Parole Comm'n*, 547 F. App'x 796, 798 (7th Cir. 2013) *cert. denied,* 135 S. Ct. 123 (2014)(emphasis added).

In order to proceed with a claim under the APA, a plaintiff must establish that "[a] person suffer[ed] legal wrong because of agency action . . . within the meaning of a relevant statute." 5 U.S.C. § 702. Under the APA, "[t]he only agency action that can be compelled . . . is action that is legally required." *Norton v. Southern Utah Wilderness Alliance,* 542 U.S. 55, 63 (2004). Pub.L.No. 98-473, § 235(b)(3), 98 Stat.2032 (1984), did not create a mandatory duty on the part of the USPC to either release Varellas or to set a parole release date for him. The USPC's motion to dismiss [Docket No. 13] is therefore **granted** and Varellas' motion for summary judgment [Docket No. 15] is therefore **denied.**

## II.

Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED**.

Date:   07/30/2015

_____
LARRY J. McKINNEY, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Electronically Registered Counsel

William J. Varellas
No. 05724-040
Terre Haute - FCI
Inmate Mail/Parcels
P.O. Box 33
Terre Haute, IN 47808